IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEROY J. ULIBARRI,

      Petitioner,

v.                                                      CIV NO. 03-0942 MV/ACT

ERASMO BRAVO, Warden, et al.

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondent Erasmo Bravo's Motion to Dismiss the Petition for a Writ of Habeas Corpus filed on September 16, 2003 (Doc. No. 11). The United States Magistrate Judge, having reviewed the Petition, the Answer and the accompanying Exhibits, the Motion to Dismiss and Memorandum in Support, and the Petitioner's Response, finds that the Motion to Dismiss is well taken and recommends that it be GRANTED WITHOUT PREJUDICE SO THAT THE PETITIONER MAY EXHAUST ALL HIS CLAIMS IN THE COURTS OF THE STATE OF NEW MEXICO.  Petitioner Leroy J. Ulibarri has also moved for appointment of counsel (Doc. No. 9).  The United States Magistrate Judge recommends that the motion for appointment of counsel be DENIED.

## PROPOSED FINDINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment, Sentence and Commitment of the Fourth Judicial District Court, County of San Miguel, State of New Mexico in Case No. 2002-68-CR.  Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner pled guilty to one count of Forgery, one count of Fraud, one count of Computer Access with Intent to Defraud or Embezzle, and two counts of Theft of Identity in January, 2003. (Answer, Exhibit A).

3.  Judgment, Sentence and Commitment was entered against the Petitioner on January 23, 2003.  Petitioner was sentenced to six (6) years and three hundred sixty four (364) days.  Habitual Enhancement was reserved and was to be imposed only if the Petitioner violates any term of his parole. (Answer, Exhibit A)

4.  At all times, during the Plea and Disposition as well as during the imposition of the Judgment and Sentence, Petitioner was represented by appointed counsel. (Answer, Exhibits A and E).

5.  After his sentencing, Petitioner filed a pro se Motion, later amended, for Dismissal for Failure to Hold an Arraignment Within Fifteen Days.  The motion, as amended, was denied by the New Mexico District Court Judge who had sentenced Petitioner, Eugenio S. Mathis.  (Answer, Exhibits B, C, and D).

6.  Petitioner filed a timely pro se Motion for Modification or Reduction of Sentence.  The Motion was denied by Judge Mathis.  (Answer, Exhibits F and H).

7.  Petitioner filed a pro se Motion for Pre-Sentence Good Time Credit.  That Motion was

also denied. (Answer, Exhibits G and I).

8. Petitioner filed a pro se Motion for Modification of Sentence in May, 2003. That Motion was also denied. (Answer, Exhibits J and K).

9. Petitioner filed a pro se Motion to Withdraw his Plea Agreement on August 6, 2003. (Answer, Exhibit L). The record before this Court does not reflect the disposition of that Motion.

10. On March 11, 2003, Petitioner filed a pro se Petition for a Writ of Habeas Corpus in the District Court, County of San Miguel, New Mexico. (Answer, Exhibit M.) The Petition was denied on March 20, 2003 by Judge Mathis. (Answer, Exhibit N).

11. On March 31, 2003, Petition filed a pro se Petition for a Writ of Certiorari to the Supreme Court of New Mexico. (Answer, Exhibit O). The Petition was denied on April 7, 2003. (Answer, Exhibit P).

12. On August 13, 2003, the Petitioner filed a pro se Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 in the United States District Court for the District of New Mexico.

13. Respondent answered and moved to dismiss on September 16, 2003, asserting that the Petition is a mixed petition containing exhausted and unexhausted claims and therefore should be dismissed without prejudice under 28 U.S.C. §2254(b)(1)(A). (Docs. No. 10 and 11).

14. Every one of Petitioner's claims stated in his federal Application for a Writ of Habeas Corpus must first be exhausted in the courts of the State which has custody of the Petitioner before this Court can consider granting the application. 28 U.S.C. §2254(b)(1)(A). The Petitioner is excused from this failure to exhaust his State remedies only when there is an absence of available State corrective process or circumstances render the process ineffective to protect the

3

rights of the applicant. 28 U.S.C. §2254((b)(1)(B). Those circumstances do not apply in this case.

  15. Petitioner's pro se state Petition for the Writ of Habeas Corpus contained the following claims:[1]

    a. The Petitioner was not arraigned within the time limits of New Mexico Rule of Criminal Procedure 5-604;

    b. The State did not provide Petitioner full disclosure or discovery within ten (10) days from the time of his arraignment in accordance with New Mexico Rule of Criminal Procedure 5-501;

    c. Petitioner did not receive his preliminary hearing within ten (10) days of arraignment in accordance with New Mexico Rules of Criminal Procedure for Magistrate Courts and New Mexico Rule of Criminal Procedure 5-303;

    d. Petitioner's probation was revoked in a previous criminal case, CR 99-166, before he was charged with the present charges; and

    e. Petitioner had ineffective assistance of counsel because the attorney appointed to represent him did not represent him to the fullest extent of the law and furthermore should have filed a motion, under New Mexico Rule of Criminal Procedure 5-212, to suppress the evidence of the admission or confessions made to law enforcement officers.

  16. These claims were denied without discussion by the New Mexico District Court

---

[1] The Petitioner, filing pro se, did not number his claims or use the exact language used here but the Court has attempted to re-phrase the claims to represent as closely as possible what it believes Petitioner was claiming.

Judge who received the Plea and Disposition Agreement and who had imposed the Judgment, Sentence and Commitment on Petitioner.

17. Petitioner filed his Petition for a Writ of Certiorari on this denial of his Application for a Writ of Habeas Corpus to the Supreme Court of New Mexico. In his Petition, Petitioner presented these questions for review[2]:

    a. Whether the trial court erred in the sentencing of Petitioner because his sentences were consecutive to each other rather than concurrent;

    b. Whether the trial court erred in not dismissing the charges because Petitioner was not arraigned within fifteen days of his indictment (Rule 5-604) and no arraignment or preliminary hearing was held in Magistrate Court;

    c. Whether the trial court erred in allowing the state to proceed to prosecute Petitioner when "several rules of criminal procedure ... were never adhered too" (sic).

18. In the argument portion of his Petition, Petitioner set forth three arguments:

    a. The State violated Rule 5-604 because the Petitioner was never arraigned within fifteen days of indictment and his case was not dismissed on the six month rule;

    b. The Court did not suppress the evidence under Rule 5-212 even though Petitioner's admission of guilt took place under questioning when counsel was not present "or the violation of probation" in his previous criminal case, CR 99-166;

    c. The State violated Rule 5-303 and the charges should have been dismissed because he was not arraigned within fifteen days of his indictment and never received an

---

[2] Again, the Court has rephrased some of Petitioner's language in an attempt to clarify Petitioner's arguments and claims.

arraignment or preliminary hearing in Magistrate Court.

19. The Petitioner did not present the same claims to the state District Court as he did to the Supreme Court of New Mexico. Even with a liberal reading of the state Application and the subsequent Petition for Certiorari, only the following claims were presented <u>both</u> to the lower and the higher court:

1) Petitioner was not arraigned within fifteen days of his indictment in violation of New Mexico Rule of Criminal Procedure 5-604;

2) Petitioner did not receive an arraignment or a preliminary hearing in Magistrate Court or in accordance with New Mexico Rule of Criminal Procedure 5-303;

3) Petitioner's probation was revoked in CR 99-166 before he was charged in the present case.

20. These three claims were presented to the state District Court in Petitioner's Application for a Writ of Habeas Corpus, were denied on the merits, were presented to the New Mexico Supreme Court in Petitioner's petition for Certiorari and were denied by the state Supreme Court on the merits. These three claims have therefore been exhausted in the courts of New Mexico.

21. However, Petitioner's pro se federal Application for the Writ of Habeas Corpus contains the following claims:

a. Violation of Rule 5-604 - not arraigned within fifteen days of indictment;

b. Violation of Rule 5-303 , arraignments;

c. Not arraigned nor given preliminary hearing in Magistrate Court;

d. Entrapment;

      e.  Coerced confession and promises made for reprieve given once convicted;

      f.  Ineffective assistance of counsel; and

      g.  Violation of self-incrimination of confession (sic).

22.  The first three claims are the same claims presented to the state District Court and to the state Supreme Court and denied on the merits.  The last four claims[3] have not been ruled on the merits by the courts of New Mexico and are therefore not exhausted.

23.  When a federal district court is presented with a petition for the Writ of Habeas Corpus which contains both exhausted claims and unexhausted claims, the general rule is that the federal district court should dismiss the Petition without prejudice so that Petitioner may exhaust his claims first in the state courts.  *See, Rose v. Lundy*, 455 U.S. 509 (1982).  Although the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C.§2254 (b)(2) does allow the federal district court to deny an application on the merits "notwithstanding the failure of the application to exhaust the remedies available in the courts of the State", this option is reserved for applications in which all the claims are clearly without merit.  *Hoxsie v. Kerby*, 108 F. 3d 1239, 1242 (10th Cir.) *cert. denied*, 522 U.S. 844 (1997).  On the limited facts presented in the Petitioner's federal Petition, this Court cannot determine that the claims asserting d) entrapment, e) coerced confession, f) ineffective assistance of counsel, and g) self incrimination are clearly without merit.

24.  The Petitioner may amend his Petition to this Court dropping all reference to claims d), e), f) and g) and leave only those claims identified above as a), b) and c).  Or Petitioner may

---

[3] Petitioner set forth his ineffective assistance of counsel claim in his Petition for a Writ of Habeas Corpus to the New Mexico District Court but failed to raise it in his Application for Certiorari to the New Mexico Supreme Court and therefore did not exhaust this claim.

file a Writ for Habeas Corpus with the New Mexico District Court and assert claims d), e), f), and g) such that the state District Court may rule on the merits presented.  Of course, Petitioner would then have to fully exhaust these claims in the New Mexico appellate courts before presenting them in an Application for a Writ of Habeas Corpus before this Court.  Having failed to present his claim of ineffective assistance of counsel to the New Mexico Supreme Court within the time limits available to Petitioner after having this claim denied on the merits by the state District Court, this claim may be procedurally barred.  But instead of splitting the claims presented, ruling on the exhausted claims on the merits, ruling on the claim of ineffective assistance of counsel because of an "anticipatory procedural bar", and dismissing the other claims without prejudice, this Court, in the interest of judicial economy and comity with the New Mexico state courts, recommends that  the entire Petition for the Writ of Habeas Corpus be dismissed without prejudice.

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED WITHOUT PREJUDICE because Petition has failed to exhaust all his claims in the State courts. IT IS FURTHER RECOMMENDED that Petitioner's Motion for Appointment of Counsel be DENIED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW,

Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                                           ALAN C. TORGERSON
                                                                           UNITED STATES MAGISTRATE JUDGE